[File No. 6461.]

CONRAD BOEKER and W. E. Matthaei, as Copartners Doing Business under the Firm Name and Style of Boeker & Matthaei, Respondents, v. WILLIAM GORDON KECK, Laura Keck Martin, W. E. Martin, and Ora L. Martin,
and
ORA L. MARTIN, by Intervention, Appellant.

(272 N. W. 183.)

Opinion filed March 9, 1937. Rehearing denied March 27, 1937.

*L. J. Wehe,* for appellant.
*W. E. Matthaei,* and *Hyland & Foster,* for respondents.

BURR, J. Plaintiffs commenced an action against William Keck, Laura Martin, and W. E. Martin, serving the summons and complaint on the defendants on September 15, 1936.

On September 22, 1936, concluding Ora L. Martin should be made a party defendant, plaintiffs obtained an ex parte order from the court authorizing the insertion of her name as a defendant and permitting the complaint to be amended to show her connection with the case. The summons and complaint thus amended were served upon her on September 23 and on the next day she gave notice of special appearance on a motion "to dismiss, quash, and vacate the Order intervening the said appellant and defendant Ora L. Martin; and amending the original summons and complaint." The trial court denied the motion and "The appellant reserved an exception thereto for purposes of appeal if the Court did not change its opinion later on upon the submission of Briefs and with that understanding the appellant thereafter interposed a separate Demurrer on September 24th, 1936, and served the same upon the plaintiffs' attorneys on that day, to preserve her rights without waiving any rights objecting to the jurisdiction of the Court interpleading her and amending the summons and complaint."

The court sustained appellant's demurrer to the complaint and thereafter an amended complaint was served upon her.

Ora L. Martin appeals from the ex parte order permitting the insertion of her name in the summons and complaint as one of the defendants and also from the order refusing to dismiss the case— both orders being included in the same notice of appeal.

Appellant assumes the orders made were in intervention or interpleader. The appellant did not seek to intervene in the case or ask to be included. Intervention comes when a third party seeks and is permitted to become a party. Comp. Laws, § 7413. There is no intervention here.

There is no interpleader in this case. An interpleader comes only when a defendant shows a third party makes a demand upon him for the debt or property involved in the action and asks that this third party be substituted in his place. Comp. Laws, § 7414.

The chronology of the case shows the appeal is not well taken. The

346

original summons and complaint were served September 22. Under the provisions of § 7482 of the Compiled Laws a party may obtain from the court an order amending process and pleading by adding the name of a party and what amendment may be made by leave of the court may be made by a party himself if made within the time provided by law. Section 7481 of the Compiled Laws provides:

"Any pleading may be once amended by the party of course without costs and without prejudice to the proceedings already had at any time within twenty days after it is served, or at any time before the period for answering it expires; . . ."

The amendment was made within a week after the service of the summons and complaint upon the other defendants. The plaintiffs had the right, as a matter of course, to amend the summons and complaint when they did. Recourse to the court was a work of supererogation. The status of the case is the same as if appellant had been designated a defendant from the first.

The other defendants are not complaining, and no matter how we may consider the action of the plaintiffs in applying to and receiving from the court an order permitting amendment, no injury was done the appellant. The order appealed from is therefore affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.